574 A.2d 394

IN THE MATTER OF MARY C. GARCIA, AN
ATTORNEY AT LAW.

Argued February 26, 1990—Decided May 18, 1990.

*Thomas J. McCormick,* Deputy Ethics Counsel, argued the cause on behalf of Office of Attorney Ethics.

*George B. Campen* argued the cause for respondent (*Farmer & Campen,* attorneys).

PER CURIAM.

This matter arises from a report and recommendation of the Disciplinary Review Board that respondent be suspended from the practice of law for a period of six months on account of her willful failure to file federal income tax returns for the tax years 1980, 1981, and 1982. Respondent argues that she has not been convicted of violating 26 *U.S.C.* § 7203, which makes a

willful failure to file federal income tax returns a criminal misdemeanor, and would not be so convicted in a trial by jury. Hence, she contends that she cannot be subject to the almost invariable suspension that attends a conviction for the willful failure to file federal income tax returns.

We disagree with respondent's underlying premise—that her action did not constitute willful failure to file federal income tax returns—but we refrain from imposing the discipline recommended because we have not heretofore made it clear that a finding of willful failure to file income tax returns would merit the same discipline absent a criminal conviction. *See In re Hollendonner*, 102 *N.J.* 21, 504 *A.*2d 1174 (1985) (refraining from imposition of *Wilson* sanction in respect of escrow accounts because principle had not previously been stated).

Despite a complex background, the facts are quite simple. Respondent and Frances Antonin were minority applicants for an FM radio station to be located in Jersey City. During the course of the Federal Communications Commission (FCC) licensing proceedings, a competitor discovered a 1984 tax lien against respondent filed in Hudson County. The competitor then requested a reopening of the FCC proceeding, which had theretofore been progressing favorably for respondent as the sole Jersey City applicant. The purpose of the reopening was to elicit further evidence on respondent's fiscal capacity to operate the station. During the course of that proceeding, the details of respondent's failure to have filed the returns became painfully apparent. Although her initial response to the FCC inquiry about the matter was that only a financial shortfall was the reason for the deficiency, it soon became clear that it was more than a failure-to-pay case. In response to cross-examination concerning her failure to file the return, although she was obliged only to pay $372 in taxes for 1980, she said:

> And it was also—yes, that is my testimony. And additionally, if you have a dollar bill and you've got two expenses, it's where you take that dollar and

where you put it, that's your choice. I chose to put it elsewhere, not to send it to the government.

And, further, she was asked:

Q: Is it your testimony that with net income of over $18,000, you couldn't have afforded to pay the $372 that were outstanding from 1980?

A: That is not my testimony.

Q: Well, then why didn't you pay it then?

A: Because I didn't pay it then. I spent the money elsewhere. The priorities were wrong. The discipline was wrong or was not there, actually. The discipline was non-existent and the priorities were wrong.

Her attorney argues that respondent's conduct fails to establish the willful intent to defraud the government that is a prerequisite to a conviction under 26 *U.S.C.* § 7203. Obviously, not every failure to file a tax return constitutes a criminal offense. We need not debate here whether, in a disciplinary proceeding, the panel may conclude that conduct establishes the substantive elements of an offense, despite the absence of a jury verdict. That has been settled. *See In re Rigolosi*, 107 *N.J.* 192, 526 *A.*2d 670 (1987). Here we are plainly presented with a finding of an independent tribunal examining the affairs of the attorney, in which the tribunal has concluded that the attorney did, in fact, violate the provisions of 26 *U.S.C.* § 7203. In its decision dated September 26, 1986, the FCC found that "Garcia's admitted failure to file income tax returns for three consecutive years is at minimum an uncontested violation of 26 *U.S.C.* § 7203," noting that an intent to report and pay tax in the future does not vitiate the willfulness requirements under federal law. Its opinion concluded:

Thus, Antonin & Garcia's arguments to the effect that [Garcia's] failure to *pay* her taxes should not be held against her are beside the point: by her own admissions, she willfully and flagrantly failed to even *file* her tax returns, in stark violation of Title 26, *U.S.C.*, even though she was acutely aware that she had taxable income and that filing was mandatory. In the instant case, we hold that Ms. Garcia's three years of willful and repeated failure to file her federal income tax returns and pay her taxes, even if "only" misdemeanors, are egregious acts of misconduct for a member of the New Jersey Bar * * *.

■ When the disciplinary system is presented with a finding in a collateral proceeding of this type, even though the standard of proof may be different (in that the licensee had the burden to

prove her good standing), it cannot be disregarded in the disciplinary proceeding. *See In re Hecker,* 109 *N.J.* 539, 538 *A.*2d 354 (1988). This case is particularly disturbing due to the loss of public confidence in the respondent as an attorney, not just as a radio-station licensee, that was occasioned by the misconduct. In her application for obtaining the radio-station license, respondent put in issue her good standing as a member ·of the bar. The respondent proffered that she was a licensed, practicing attorney of the State of New Jersey, and the initial decision of the FCC's Administrative Law Judge (ALJ) credited her with membership on various judicial committees and participation in *pro bono* programs related to the practice of law. The ALJ initially concluded, on the basis of all the evidence, that respondent's "Jersey City proposal clearly stands out."

▮ Hence we are clearly convinced by the evidentiary record, which incorporated as well all of the testimony before the FCC, that respondent's conduct amounted to a willful failure to file federal income tax returns. We have almost invariably required a period of suspension for such an offense. We will do so in the future when the proofs establish, as they do here, that willful violation.

Obviously, the attorney-disciplinary system is not a fiscal agent of the Treasury. But when the private affairs of an attorney have been put in issue and it has been plainly established, by the attorney's own admissions or by the collateral findings of another tribunal of government, that the attorney has willfully violated the provisions of law, we can no more blink than if it were a jury verdict.

Such conduct is not something that is personal to the attorney. The conduct invariably, as it did here, brings the profession of law into disrepute. Lawyers above all are expected to respect law. As noted, the public standing of respondent as a member of the bar was credited to her when the FCC's ALJ initially recommended her as a licensee. Thus the greater loss of confidence in the bar when the hamartia is established.

Respondent cannot be said to have relied on a theory that she could, with ethical impunity, willfully fail to file tax returns so long as there was no criminal prosecution. Yet, we wish to give the bar as a whole, including respondent, fair notice of our standards in this regard.

Considering respondent's relative youth and inexperience and the fact that she has already suffered a severe loss of standing in the community as a result of this incident, we determine that the appropriate discipline is a public reprimand. Respondent shall reimburse the Ethics Financial Committee for the costs of this proceeding.

So ordered.

*For public reprimand*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

The Disciplinary Review Board having filed a report with the Supreme Court recommending that MARY C. GARCIA of JERSEY CITY, who was admitted to the Bar of this State in 1979, be publicly disciplined on account of her willful failure to file federal income tax returns for the tax years 1980, 1981, and 1982, and the Court having heard argument in the matter, and good cause appearing;

It is ORDERED that MARY C. GARCIA is publicly reprimanded; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this Order and the full record of the matter, be added as a permanent part of the file of said MARY C. GARCIA as an attorney at law of the State of New Jersey; and it is further

ORDERED that MARY C. GARCIA reimburse the Ethics Financial Committee for appropriate administrative costs.